## Street *v.* Kelley & Co.

### Action on an Account.

1. *The action of the court on a demurrer to useless pleas will not be considered.*—Where a case according to the proof properly turned on a plea of *non-assumpsit;* and special pleas were unnecessary, and no result could have been brought about by their interposition, the court will not consider the rulings on demurrer.

2. *If the facts show the plaintiff has no right, error will not cause a reversal.*—If all the facts in a case show that the plaintiff is not entitled to recover, the appellate tribunal will not reverse the judgment of the Circuit Court, if it should err in its rulings on demurrer, or in receiving evidence.

APPEAL from the Circuit Court of Talladega.

Tried before the Hon. JOHN HENDERSON.

At the fall term, 1876, of the Circuit Court of Talladega county, the plaintiff, Andrew J. Street, sued Samuel C. Kelley, E. B. Nelson and Henry Clarady, partners under the name and style of S. C. Kelley & Co., for the value of goods, wares and merchandise, sold by him to the defendants. They pleaded *non-assumpsit,* and seven special pleas. To the special pleas, the plaintiff demurred. But the demurrer was overruled by the court. The plaintiff then filed a replication to the pleas. To this replication the defendant demurred, and the court sustained the demurrer; and thereupon the plaintiff took issue on the pleas interposed by the defendant.

On the trial, the plaintiff introduced as evidence the following contract, viz:

" This article of agreement made and entered into at Munford, Alabama, this 13th day of March, A. D. 1875, by and between A. J. Street and E. B. Nelson, of the firm of S. C. Kelley & Co., witnesseth, that the said Street agrees and binds himself to do the following things and matters, to-wit: to furnish Robbs & Bros. supplies of every kind and money to run the coaling contract that said Robbs & Bros. have with S. C. Kelley, and enough of everything to enable said Robbs & Bros. to make and deliver the coal as fast as the said S. C. Kelley & Co. have agreed to deliver it at the Alabama Furnace; and further, the said Street agrees to furnish them so that the stock of wood shall be no less on hand chopped than it now is, nor the amount of coal on the hearth no less than it now is at this time, until the said job between the said S. C. Kelley & Co. and the Alabama Iron Co. is finished and completed. It is further agreed and understood by all parties interested in this instrument, that the said Robbs & Bros. are getting from S. C. Kelley for coal made and delivered at the Alabama Furnace, said Robbs & Bros. chopping their own wood and doing all the work in every way and delivering as fast and in the same manner S. C. Kelley & Co. agreed to with the said Alabama Iron Co., seven cents per bushel, the same measurement that S. C. Kelley & Co. gets of the Alabama Iron Co.; and as follows, one dollar and sixty cents per hundred, is to be kept back in the hands of S. C. Kelley & Co. for the faithful compliance of the job between the said Robbs & Bros. and S. C. Kelley, and if said job is faithfully completed, then enough of said one dollar and sixty cents per hundred is to be paid to said S. C. Kelley to liquidate any indebtedness to said S. C.

[Street v. Kelley & Co.]

Kelley from Robbs & Bros. or any indebtedness that should be unpaid to said E. B. Nelson; then any balance will go to Robbs & Bros. or to said Street, if so directed by said Robbs & Bros., and two dollars and seventy cents per hundred on all the coal said Robbs & Bros. deliver will be held by said E. B. Nelson to pay and to appropriate on the indebtedness from said Robbs & Bros. to said E. B. Nelson, the remaining two dollars and seventy cents per hundred the said E. B. Nelson agrees to pay over to the said Street for said Robbs & Bros. by the consent. It is further agreed and understood by all parties interested, that the said E. B. Nelson or the firm of S. C. Kelley & Co. are in no way either directly or indirectly responsible for any such supplies or money so furnished to said Robbs & Bros. by said Street, only to the extent of two dollars and seventy cents per hundred bushels, until the account the said E. B. Nelson holds against said Robbs & Bros. which they agree is correct is paid up in full, and then and after that date to the amount of five dollars and forty cents per hundred bushels coal delivered on the Alabama Iron Co.'s stock bank as required by contract with S. C. Kelley & Co. with the Alabama Iron Co.; and then, and only in the event that the said Street furnishes the necessary supplies and funds to keep as much wood cut and on hand at all times as there now is in said job, and as much wood and coal on hearths as there now is, and then to be paid by consent of said Robbs & Bros.; and it is further understood and agreed by all parties interested to this contract, by said Street making said advances of supplies to said Robbs & Bros. that it does not create any lien upon said wood, or job, or coal in any way, only to the extent before mentioned, but all such wood, stock and coal is to belong to the said S. C. Kelley & Co., and to be applied on their contract with said Alabama Iron Co., nor does this contract in any way interfere with the contract heretofore made by and between the said Robbs & Bros. and S. C. Kelley, and the said S. C. Kelley or S. C. Kelley & Co. shall have the same right as heretofore to take possession of said job and complete it, in event of said Robbs & Bros.' failure to do so, as agreed between them and S. C. Kelley.

"Witness our hands this 13th day of March, A. D. 1875.

"A. J. STREET,
"E. B. NELSON.

"Witnesses: S. A. Deavenport, B. W. Nunis."

The plaintiff also testified that he proceeded to furnish supplies to Robbs & Bros., according to this contract; that it

really was made, orally, about eight days prior to the 13th of March, when it was reduced to writing. And that, from the day on which it was orally made, he had furnished Robbs & Bros. with supplies and money. That the articles and money so supplied amounted, on the 16th of April, 1875, to fifteen hundred and forty-five dollars. The witness charged the merchandise and money furnished by him to the account of S. C. Kelley & Co. He also said, on cross-examination, that "the written contract was all the authority he had for charging the goods furnished to Robb & Bros. to S. C. Kelley & Co., and the defendants had never paid him anything for or on account of said supplies and money furnished the said Robbs & Bros." He also stated that the supplies and money furnished by him "were enough to have enabled the said Robbs & Bros. to keep more wood on the hearths than was there when he began to furnish them, and enough to have enabled them to do all he had contracted with said E. B. Nelson to enable said Robbs & Bros. to do, and that said Robbs & Bros. had given witness their consent that S. C. Kelley & Co. should pay witness," according to said contract.

The defendants introduced evidence tending to show that the plaintiff had not furnished supplies according to the contract, and that Robbs & Bros. had not given their consent to S. C. Kelley & Co. for the payment of the plaintiff, but had expressly forbidden them so to do.

The court, on the request of the defendants, charged the jury, "that if they believed all the evidence in the case they must find a verdict in favor of the defendants." To this charge the plaintiff excepted.

TAUL BRADFORD, for appellant.

J. T. HEFLIN, and L. E. PARSONS, for appellees.

STONE, J.—The complaint in the present record contains only the common counts. Many pleas were filed, demurrers to which were overruled. And several replications were then filed to the pleas, demurrers to which were sustained. The whole case, according to the proof, very properly turned on the plea of *non assumpsit;* and, as we think no special pleas were necessary, and no result was, or could have been brought about by their interposition, we will not consider the rulings on demurrer.

The contract, out of which this suit grew, is certainly a

[Street v. Kelley & Co.]

very unusual, if not a very loose one. It shows confidence on Mr. Street's part, bordering on credulity; and, forming our opinion on the evidence furnished by this record, his confidence has been greatly abused. Few, if any contracts have come before us, by which one party has bound himself to the extent the appellant seems to have done, and yet surrendered to others well nigh all security for his reimbursement. He was to furnish supplies in merchandise and money, approximating eight hundred or one thousand dollars per month, to parties who, from appearances, had no other means of paying him than the products of their labor, thus supplied and sustained by his means; say, some twelve hundred dollars per month; and at the same time consenting that sixty per cent. of such products should be withheld, and two-thirds of that sum consumed in other uses. As to the remaining forty per cent., his only claim was, to receive it, if the parties, to whom he furnished the supplies, consented thereto. Thus providing inadequate security in any event, and leaving that to the option or caprice of his debtor. The contract expressly releases E. B. Nelson, the person contracting with him, and S. C. Kelley & Co., represented by E. B. Nelson, from all personal liability; releases the charcoal to be produced—(the business of the enterprise)—from all lien or claim; and for a time, the duration of which neither the contract nor the evidence furnishes any means of determining, consents to look to forty per cent. of the products for Street's reimbursement, "if so directed by said Robbs brothers," the persons advanced to, or, if paid "by their consent." They refused to give their consent, but for some reason not explained satisfactorily, forbade Nelson to pay Street anything. The reason given by them was, that Street had failed to furnish supplies according to contract. According to the testimony, he had furnished over fifteen hundred dollars in forty days.

The theory on which it is claimed this suit can be maintained is, that Street can sue for the value of the merchandise and money furnished, because the contract has been violated and broken on the other side. If Nelson, or S. C. Kelley & Co. were personally bound for the performance of the contract made by Robbs Brothers, this might be the case. So far from this being so, the contract, as we have seen, not only does not bind them, but prohibits Nelson from paying Street, without the consent of Robbs Brothers. If Nelson, or Kelly & Co., committed any fault, breach of contract, or of duty in this transaction, the record fails to show it.

[Routen v. Bostwick.]

Under the facts shown in this record, the plaintiff never can recover; and if the Circuit Court had even erred in the rulings on demurrer, or in receiving evidence, it is error without injury, and furnishes no ground for reversal.—1 Brick. Dig. 780, §§ 96, 97.

The judgment of the Circuit Court is affirmed.